Glenn R. Kantor - SBN 122643
gkantor@kantorlaw.net
Peter S. Sessions - SBN 193301
psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Paul Azarian

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL AZARIAN,<br><br>         Plaintiff.<br><br>vs.<br><br>RIVERSOURCE LIFE INSURANCE COMPANY,<br><br>         Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**(1)  BREACH OF CONTRACT**<br>**(2)  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Paul Azarian herein sets forth the allegations of his Complaint against Defendant RiverSource Life Insurance Company.

## PRELIMINARY ALLEGATIONS

1.  Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2.  Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3.  Plaintiff is informed and believes that Defendant RiverSource Life Insurance Company ("RiverSource") is a corporation incorporated in and with its

principal place of business in the State of Minnesota, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff Paul Azarian is a resident and citizen of the town of Beverly Hills, County of Los Angeles, State of California.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT RIVERSOURCE LIFE INSURANCE COMPANY FOR BREACH OF CONTRACT

5. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

6. Effective October 2, 1996, RiverSource (through its corporate predecessor, IDS Life Insurance Company) issued to Plaintiff individual life insurance coverage pursuant to an insurance policy, Policy Number 9090-05317529 (hereinafter the "Policy").

7. Pursuant to the Policy terms, Plaintiff was entitled to waiver of his life insurance premiums ("LWOP") due under the Policy for and so long as he remained disabled as defined by the Policy and applicable law.

8. All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid or should have been waived pursuant to the Policy's LWOP provision. At all relevant times, Plaintiff has performed all obligations under the Policy on his part to be performed.

9. Plaintiff suffers from multiple sclerosis. He was diagnosed with the condition over ten years ago, and his condition has continuously deteriorated since his original diagnosis.

10. In or prior to 2014, Plaintiff suffered a loss compensable under the terms of the Policy in that, because of his multiple sclerosis, he became unable to engage with reasonable continuity in his own or any other occupation in which he

could reasonably be expected to perform satisfactorily in light of his age, education, training, experience, station in life, and physical and mental capacity.

11. Thereafter, Plaintiff remained disabled as defined by the Policy and applicable law.

12. Plaintiff has life insurance coverage through another insurer, Northwestern Life Insurance Company ("Northwestern"). That policy has a LWOP benefit provision similar to the LWOP benefit provision in the Policy.

13. In 2017, Plaintiff submitted a claim for LWOP benefits under his Northwestern policy to Northwestern.

14. In response, Northwestern approved Plaintiff's claim for benefits and waived his premiums under his Northwestern policy on the ground that he was disabled and entitled to the LWOP benefit under that policy.

15. In July of 2017, Plaintiff submitted to RiverSource a claim for LWOP benefits under the Policy.

16. On May 3, 2018, RiverSource wrote to Plaintiff and denied his claim for LWOP benefits under the Policy on the ground that his claim was untimely.

17. RiverSource denied Plaintiff's claim even though it was obligated under California's notice-prejudice rule of insurance law to conduct an investigation of Plaintiff's claim.

18. As a direct and proximate result of RiverSource's improper determination regarding Plaintiff's continued disability, Plaintiff has been deprived of the right to obtain LWOP benefits under the terms of the Policy, and has been unable to maintain coverage under the Policy.

19. RiverSource's conduct constitutes a breach of the insurance contract between RiverSource and Plaintiff. As a direct and proximate result of RiverSource's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANT RIVERSOURCE LIFE INSURANCE COMPANY
## FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

20. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

21. RiverSource has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

 (a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when RiverSource knew Plaintiff was entitled to said full benefits under the Policy;

 (b) Unreasonably failing to properly investigate Plaintiff's claim;

 (c) Intentionally and unreasonably applying pertinent policy provisions so as to limit RiverSource's financial exposure and contractual obligations and to maximize profits; and

 (d) Unreasonably compelling Plaintiff to institute litigation to recover benefits due under the policy in an effort to further discourage Plaintiff from pursuing his full policy benefits.

22. Plaintiff is informed and believes and thereon alleges that RiverSource has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

23. As a proximate result of the aforementioned wrongful conduct of RiverSource, Plaintiff has suffered, and will continue to suffer in the future,

damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

24. As a further proximate result of the aforementioned wrongful conduct of RiverSource, Plaintiff has suffered anxiety, worry, mental, and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

25. As a further proximate result of the aforementioned wrongful conduct of RiverSource, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, RiverSource is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

26. RiverSource's conduct described herein was intended by RiverSource to cause injury to Plaintiff, was despicable conduct carried on by RiverSource with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to RiverSource with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of RiverSource.

27. RiverSource's conduct in wrongfully terminating and denying benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of life insurance benefits, a substantial loss of property set aside for personal care and maintenance, and assets essential to his health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of RiverSource's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant RiverSource Life Insurance Company as follows:

1. All benefits due Plaintiff under the Policy, including reinstatement of his coverage under the Policy, as well as waiver of his premiums under the Policy from the date of his disability forward;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $5,000,000.00;

4. A trebling of any punitive damages pursuant to California Civil Code § 3345;

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems just and proper.

DATED: September 5, 2018                KANTOR & KANTOR, LLP

                                        BY: */s/ Glenn R. Kantor*
                                            Glenn R. Kantor
                                            Attorneys for Plaintiff
                                            Paul Azarian

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: September 5, 2018          KANTOR & KANTOR, LLP

BY: */s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff
Paul Azarian